UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YUSUF ABDUR-RAHMAN, a/k/a            :
JOHN FITZGERALD PRESLEY, pro se,     :
                                     :         **SUMMARY ORDER**
               Plaintiff,            :
                                     :         10-CV-3092 (DLI)(LB)
     -against-                       :
                                     :
RACHEL P. KOVNER, AUSA; H. GEORGY,   :
Medical Director; MEDICAL STAFF, MDC;:
NICOLE McFARLAND, Staff Attorney;    :
FEDERAL BUREAU OF PRISONS; JOHN      :
and JANE DOE, MD1/MD2,               :
                                     :
               Defendants.           :
------------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff, currently incarcerated at the Metropolitan Detention Center ("MDC") pursuant to a conviction in the United States District Court for the Southern District of New York, brings this *pro se* action[1] pursuant to 42 U.S.C. § 1983 challenging the quality of medical care he is receiving in prison. (Compl. 1.) Plaintiff seeks medical treatment, damages and injunctive relief. (*Id.* at 15–16).

On June 25, 2010, pursuant to 28 U.S.C. § 1915, the court granted Plaintiff's request to proceed *in forma pauperis* but directed that the filing fee be deducted from Plaintiff's prison account. For the reasons set forth below, the complaint is dismissed as to defendants Kovner, McFarland, the Federal Bureau of Prisons ("BOP"), and any federal employees sued in their official capacity. However, Plaintiff's claims against the remaining defendants in their individual capacities may proceed.

---

[1] The court received Plaintiff's letter dated August 15, 2010 (Docket Entry No. 5), entitled "Motion for a More Definite Statement," which it construes as motion to amend the Complaint. The Complaint is duly amended to include plaintiff's demand for a jury trial.

# DISCUSSION

## A. Standard of Review

A district court "shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *see Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). In reviewing plaintiff's complaint, the court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Furthermore, the court construes Plaintiff's pleadings liberally because they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## B. Claims Against Assistant United States Attorney Rachel Kovner

Plaintiff alleges that defendant Kovner, a federal prosecutor, is aware that the medical care plaintiff is receiving for AIDS at MDC is inadequate. He therefore argues that she should be held responsible for the alleged violation of his constitutional rights, and seeks $5,000,000.00 in damages. (Compl. 16.) However, "[i]t is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430

(1976)). Kovner, therefore, is immune from Plaintiff's suit, and the claim against her is dismissed in its entirety, with prejudice.

### C. Claims Against BOP and Federal Employees in their Official Capacities

Claims of the type set forth by plaintiff may only be brought against a federal employee in his or her individual capacity, and cannot be maintained against the United States, its agencies, or its employees in their official capacities. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir. 1991) ("even in *Bivens* actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work") (citations omitted). Accordingly, Plaintiff's claims against the BOP and any individual defendant employees in their official capacities are dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

### D. Claims Against MDC Staff Attorney McFarland

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Here, Plaintiff alleges that defendant McFarland, a staff attorney at MDC, provided defendant Kovner with a report on Plaintiff's medical treatment at MDC, which, in turn, was reported by Kovner to the United States District Court for the Southern District of New York. (Compl. 7–8.) Plaintiff alleges that the information defendant McFarland provided was "perjurious and fabricated" and prevented that court from transferring plaintiff to another facility. (Compl. 7–8, 11.) However,

defendant McFarland cannot be liable because she was not personally involved in the alleged constitutional violation, that is, the deprivation of medical treatment by the prison officials. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). As such, Plaintiff's claim against defendant McFarland is also dismissed with prejudice because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A.

## CONCLUSION

Plaintiff's claims against defendants Kovner, McFarland, the BOP and any federal employees sued in their official capacities are dismissed with prejudice pursuant to 28 U.S.C. § 1915A. No summons shall issue as to these defendants. Plaintiff's complaint against the remaining defendants in their individual capacities may proceed. The United States Marshals Service is directed to serve the summons and complaint upon these remaining defendants without prepayment of fees. A copy of this Order and a copy of the complaint shall be served on the United States Attorney's Office for the Eastern District of New York. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision; Judge Bloom is respectfully requested to expedite an initial conference in light of Plaintiff's claims. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, NY
      September 13, 2010

                                    /s/
                              DORA L. IRIZARRY
                          United States District Judge